MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | | District | Northern District of Texas (Fort Worth) |
|---|---|---|---|
| Name (under which you were convicted): Alvaro Jovani Rangel-Ramirez | | | Docket or Case No.: 4:21-cr-00123-O-1 |
| Place of Confinement: FCI MCDOWELL, P.O.BOX 1009, WELCH, WV  24801 | | Prisoner No.: 38516-509 | |
| UNITED STATES OF AMERICA | | Movant (include name under which convicted) | |
| V. | | Alvaro Jovani Rangel-Ramirez | |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court 501 West 10th Street, Room 310. Fort Worth, TX 76102

   (b) Criminal docket or case number (if you know):

2. (a) Date of the judgment of conviction (if you know):  9/3/2021

   (b) Date of sentencing:  9/3/2021

3. Length of sentence:  60 months

4. Nature of crime (all counts):
   21 U.S.C. § 846 (21 U.S.C. § 841(a)(1) and (b)(1)(D)) Conspiracy to Possess with Intent to Distribute a Controlled Substances
   (1)
   18 U.S.C. §§ 922(n) and 924(a)(1)(D) Receipt of a Firearm While Under Felony Indictment
   (2)

5. (a) What was your plea?  (Check one)
   (1) Not guilty ☐        (2) Guilty ✔        (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
   what did you plead guilty to and what did you plead not guilty to?
   N/A

6. If you went to trial, what kind of trial did you have?  (Check one)    Jury ☐    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ✔

8. Did you appeal from the judgment of conviction?    Yes ✔    No ☐

9.  If you did appeal, answer the following:

    (a)  Name of court:                    N/A

    (b)  Docket or case number (if you know):        N/A

    (c)  Result:  N/A

    (d)  Date of result (if you know):

    (e)  Citation to the case (if you know):   N/A

    (f)  Grounds raised:
    N/A

    (g) Did you file a petition for certiorari in the United States Supreme Court?      Yes  ☑      No ☐

        If "Yes," answer the following:

        (1) Docket or case number (if you know):  N/A

        (2) Result:  N/A

        (3) Date of result (if you know):

        (4) Citation to the case (if you know):   N/A

        (5) Grounds raised:
        Unknown at this time.  N/A

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
     Yes ☐    No ☑

11.  If your answer to Question 10 was "Yes," give the following information:

     (a)  (1) Name of court:    N/A

          (2) Docket or case number (if you know):   N/A

          (3) Date of filing (if you know):

          (4) Nature of the proceeding:   N/A

          (5) Grounds raised:   N/A

N/A

 

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

     Yes ☐    No ☑

(7)   Result:  N/A

(8)   Date of result (if you know): _____

(b)  If you filed any second motion, petition, or application, give the same information:

(1)   Name of court:  N/A

(2)   Docket of case number (if you know):  N/A

(3)   Date of filing (if you know): _____

(4)   Nature of the proceeding:  N/A

(5)   Grounds raised:

N/A

 

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

     Yes ☐    No ☑

(7)   Result:  N/A

(8)   Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)   First petition:        Yes ☐    No ☑

(2)   Second petition:    Yes ☐    No ☑

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

 

12.   For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**GROUND ONE:** INEFFECTIVE ASSISTANCE OF COUNSEL HALL DURING THE PLEA PHASE, PRETRIAL, AND SENTENCING PHASE

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Petitioner submits that Counsel Hall was ineffective during the plea phase, pretrial and sentencing phase because Counsel failed to investigate, procure and provide documents, apprise Petitioner of the facts, omitted and misleaded Petitioner with vital case information, demonstrated half-heartedness performance, failed to expalin the PSR and the information contained in the PSR and any Objections, failed to inform Petitioner of any plea negotiation attempts, failed to present Petitioner with the plea document, failed to adequately consult with Petitioner, and indicated that Petitioner should just plea guilt because Petitioner was going to lose.

Had Counsel Hall apprised, properly informed, procured vital documents, not misleaded or decieved Petitioner, engaged in plea negotiations, investigated the actual facts, and challenged self serving statements used against Petitioner, Petitioner would not have entered a plea of guilty and in its stead proceeded to trial or sought the most favorable plea offer.

* Please See Affidavit Attached herein.

(b)  **Direct Appeal of Ground One:**

   (1)  If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☐   No ☑

   (2)  If you did not raise this issue in your direct appeal, explain why:

   Not direct appeal filed, unable to identify all grounds due to lack of resources, ineffective assistance of counsel, and record underdeveloped at this time.

(c)  **Post-Conviction Proceedings:**

   (1)  Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ☐   No ☑

   (2)  If you answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:   N/A

   Name and location of the court where the motion or petition was filed:
   N/A

   Docket or case number (if you know):   N/A

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   N/A

   (3)  Did you receive a hearing on your motion, petition, or application?

   Yes ☐   No ☑

   (4)  Did you appeal from the denial of your motion, petition, or application?

   Yes ☐   No ☑

   (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

   Yes ☐   No ☑

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know):   N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue:
N/A

**GROUND TWO:**   INEFFECTIVE ASSISTANCE OF COUNSEL HALL FOR FAILURE TO PROCURE AND PROVIDE
AN THE EVIDENCE

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner submits that Counsel was ineffective for his failure to procure and provide the documents.Counsel Hall
was not effective during his providing of advise to Petitioner. However, Counsel persisted in moving forward with
several the case to which Petitioner was not shown the evidence or explained the actual facts, and his decisions.
The records will show the inactions and failure to perform of Counsel in certain occassions failed to provide
effective assistance. Petitioner entered a plea of guilty with omitted information, misunderstood information and
without the awareness and understanding of the full version of the facts rendering ineffective assistance of counsel
and a null and void plea of guilty.

Had Counsel apprised, properly informed, procured an interpreter, not misleaded or decieved Petitioner, engaged
in plea negotiations, investigated that facts, and challenged self serving statements used against Petitioner,
Petitioner would not have enetered a plea of guilty and in its stead proceeded to trial or sought the most favorable
plea offer.
* Please See Affidavit Attached herein.

(b)  **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐     No ☑

(2)   If you did not raise this issue in your direct appeal, explain why:
No direct review, unable to identify all grounds due to lack of resources, ineffective assistance of counsel, and
record underdeveloped at this time.

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐     No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:  N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know):  N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐      No ☑

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐      No ☑

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐      No ☑

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know):  N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND THREE:**    COUNSEL HALL WAS INEFFECTIVE FOR HIS DEFECTIVE ADVICE AND INTENTIONAL INACCURATE AND MISLEADING OF FACTS

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
Petitioner submits that Counsel Hall was ineffective for his defective advice intentional inaccurate and misleading of advice and facts to Petitioner. Counsel Hall failed to explain the PSR to Petitioner and advised Petitioner to agree by saying yes to the Judge.

° Please See Affidavit Attached herein.

Had Counsel Hall apprised, properly informed, documents, not misleaded or decieved Petitioner, engaged in plea negotiations, investigated that facts, and challenged self serving statements used against Petitioner, Petitioner would not have enetered a plea of guilty and in its stead proceeded to trial or sought the most favorable plea offer.

\* Please See Affidavit Attached herein.

**(b)  Direct Appeal of Ground Three:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2)  If you did not raise this issue in your direct appeal, explain why:

No direct review, unable to identify all grounds due to lack of resources, ineffective assistance of counsel, and record underdeveloped at this time.

**(c)  Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:  N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know):  N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☑

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☑

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☑

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know):  N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND FOUR:**   COUNSEL HALL'S INEFFECTIVE ASSISTANCE RENDERS VOIDS PETITIONER'S GUILTY PLEA BECAUSE IT WAS ENTERED UNKNOWINGLY, UNINTELLIGENTLY, AND INVOLUTARILY

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner submits that his Guilty plea was unconstitutionally entered rendering null and void because it was entered unknowingly, unintelligently and involuntarily due to Counsels' misleading, inaccurate, deceptive, and ommited set of facts and advice. The PSR was not explained, the elements to the charges, the Sentencing Guidelines and Petitioner's Level on the U.S.S.G. Counsel exhibited his desire to a speedy disposition of Petitioner's case.
Had Counsels apprised, properly informed, procured an interpreter for the documents, not misleaded or decieved Petitioner, engaged in plea negotiations, investigated that facts, and challenged self serving statements used against Petitioner, Petitioner would not have enetered a plea of guilty and in its stead proceeded to trial or sought the most favorable plea offer.

* Please See Affidavit Attached herein.

(b)  **Direct Appeal of Ground Four:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☑

(2)  If you did not raise this issue in your direct appeal, explain why:

No direct review, unable to identify all grounds due to lack of resources, ineffective assistance of counsel, and record underdeveloped at this time.

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:  N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know):  N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☑

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☑

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☑

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know):  N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

13.    Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Unable to identify all grounds due to lack of resources, ineffective assistance of counsel, and record underdeveloped at this time.

14.    Do you have any motion, petition, or appeal **now pending** (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a)  At the preliminary hearing:
Phillip E HallLaw Office of Francisco Hernandez

(b)  At the arraignment and plea:
Phillip E HallLaw Office of Francisco Hernandez

(c)  At the trial:
N/A

(d)  At sentencing:
Phillip E HallLaw Office of Francisco Hernandez

(e)  On appeal:
N/A

(f)  In any post-conviction proceeding:
N/A

(g)  On appeal from any ruling against you in a post-conviction proceeding:
N/A

16.   Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?        Yes ☑        No ☐

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ☐        No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:
N/A

(b)  Give the date the other sentence was imposed:

(c)  Give the length of the other sentence:

(d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?        Yes ☐        No ☑

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This motion is timely.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Grant an evidentiary hearing to allow Petitioner to present testimony, witnesses and evidence to support his claims. In addition, Petitioner respectfully requests the appointment of counsel.

or any other relief to which movant may be entitled.

_____  Pro se

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ 9/9/2022

(month, date, year)

Executed (signed) on _____ 9/9/2022 _____ (date)

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

1
2
3
4

**Alvaro Jovani Rangel-Ramirez**
Reg. No. 38516-509
FCI MCDOWELL
Federal Correctional Institution
P.O.BOX 1009
WELCH, WV 24801

5
6
7
8
9
10
11
12

**Alvaro Jovani Rangel-Ramirez,** )
           )   Case Number: **4:21-cr-00123-O-1**
        Plaintiff(s), )
           )   DECLARATION OF **Alvaro Jovani Rangel-**
     vs. )   **Ramirez** IN SUPPORT OF PETITIONER
           )   **Rangel-Ramirez's** TITLE 28 USC Section
           )   2255 PETITION
UNITED STATES OF AMERICA, )
           )
        Defendant(s). )
           )
           )

13
14

     I, **Alvaro Jovani Rangel-Ramirez**, #38516-509, am over the age of 18 years old, and I declare as follows:

15
16
17

     1.     I have personal knowledge of all facts stated in this declaration, and if called to testify, I could and would testify competently thereto.

18
19
20
21
22
23
24
25
26
27

     2. I state that Counsel Phillip E Hall did not consult, inquire or investigate to my requests when I would tell him to Object of file Motions. He was ineffective for his failure to object and file motions when asked to, and providing, or indicating to Petitioner any or at all a logical explanation to his actions and inactions contrary to Petitioner's wishes. Counsel Hall never told me we had court for pleading guilty they just called me not even knowing that I had court that day. When we get there, I told Counsel Hall if he could ask for an extension or tell the lawyer I was going to find a new lawyer because my attorney was not doing anything for me, he said "No, that all I could do was either plea guilty or go to trial and get 10 years." So, I had no other choice but to plea guilty to something I wasn't guilty of.

28

DECLARATION OF **Alvaro Jovani Rangel-Ramirez** IN SUPPORT OF PETITIONER
**Alvaro's** TITLE 28 USC Section 2255 PETITION CASE NO. **4:21-cr-00123-O-1**

3. Petitioner told Counsel Hall for me to get charged with conspiracy at trial they need 2 or more people he said no that all they needed was me and if I took it to trial, I was going to loose. I told him in order to get charged for 924(c) they had to prove all the elements for that charge, and they couldn't prove it. He said I was going to lose. Counsel was lying to me so that I would sign the plea deal.

4. My mother was forced to make statements indicating that what was found in the house was mine, this happened during the second raid. She was threatened by being told she was going to get charged and my dad as well. That they were going to get a lot of time and get deported. Because of these threats my mom said everything was mine.

5. The first time they raided I told them everything was mine in the house which was noting but like a quarter pound of marijuana that was going to get dropped to a misdemeanor and 3 guns. I was not a felon at the time they got that, so they gave me possession of a firearm by unauthorized was a misdemeanor. Second time I was not a felon either, so they charged me with receipt of a firearm while under felony indictment I never even went to court for it because of covid. Never pleaded guilty to it either. I was at county.

6. I indicated to Counsel Hall to file a motion that the first time they raided my house **I had guns because 2 months before the raid I was shot while I was at a store. At the store the store clerk called the police and made a report and 2 weeks later detective called me saying I was a victim of a shooting that went on at the store,** I said "Yes", then he asked me who the people were that shot or if I knew anything, I said, "No." he said then he couldn't help me.

7. He said that I had to prove that I was shot at the store police had surveillance of the shooting and collected all the bullet shells which were 20 plus bullet shells. I have pictures and

DECLARATION OF **Alvaro Jovani Rangel-Ramirez** IN SUPPORT OF PETITIONER **Alvaro's** TITLE 28 USC Section 2255 PETITION CASE NO. **4:21-cr-00123-O-1**

videos of where the cad got hit at. That was my proof for that motion, and he told me he would argue that at sentencing and he did not do nothing.

8. I was given 2 points on my criminal history category for being on probation before they raided the house the first time, **I was done with my probation months before that, so I was clearly not on probation.**

**9**. I told Counsel Hall I was guilty on my first charges first time they raided the house all that was mine and I admitted to it police said they knew what I was doing and that they knew the ones that messaged me for an ounce of weed, so, I said yeah, I do sell weed that's it.

10. But the second raid I would hardly be at that house and none of that was mine. The house was not under my name or anything. I also told Hall he wasn't helping that I needed a new lawyer, he said, "The Feds wouldn't give me another lawyer that I had to pay for another one." Counsel Hall was a paid lawyer.

11. Petitioner was never informed by counsel of any plea negotiations, investigations, evidence, sentencing guidelines, Petitioner's offense level, did not review the PSR with Petitioner, or explain the substance of the PSR to Petitioner. Petitioner is unaware of any Objections filed challenging the information in the PSR, failed to properly and effectively consult with Petitioner to apprise and inform Petitioner of the benefits of pleading guilty or opting to trial.

12. Counsel Hall failed to engage in investigative procedures to determine the accuracy of the total amount attributed to Petitioner.

13. Counsel Hall intentionally and deliberately provided defective, deceptive and inaccurate advice to Petitioner in order to coerce and mislead Petitioner into pleading guilty.

DECLARATION OF **Alvaro Jovani Rangel-Ramirez** IN SUPPORT OF PETITIONER **Alvaro's** TITLE 28 USC Section 2255 PETITION CASE NO. **4:21-cr-00123-O-1**

14. Counsel Hall abandoned Petitioner's best interests during the pretrial and following phases.

15. Had Counsel Hall properly advised, apprised, and informed Petitioner of all the facts, information, and evidence of the case Petitioner would not have pleaded guilty and instead proceeded to trial, or engaged in plea negotiations to obtain a favorable plea offer and would have been able to properly challenge the evidence and presented a defense.

16. Petitioner states that Counsel directed Petitioner to enter a plea of guilty and to agree to everything.

17. Petitioner Rangel-Ramirez has submitted a more detailed explanation of the facts. See Exhibit: A (attached herein).

18. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on September 11, 2022.

September 11, 2022

**Alvaro Jovani Rangel-Ramirez**
Reg. No. 38516-509
FCI MCDOWELL
Federal Correctional Institution
P.O.BOX 1009
WELCH, WV 24801

DECLARATION OF **Alvaro Jovani Rangel-Ramirez** IN SUPPORT OF PETITIONER **Alvaro's** TITLE 28 USC Section 2255 PETITION CASE NO. **4:21-cr-00123-O-1**

Exhibit: A

to they found guns in cases that was in different rooms of the house they charged me with all the guns they found in my parked outside of the house and in different rooms of the house they left a warrant for my arrest for sales and conspiracy of distributing marijuana they set me up with a cgirl 3 weeks after they said i was gonna go set with her. told my lawyer i felt like i could beat both charges and then he said i had no chance that i was better of signing a plea deal he brought me with was sales(y) and conspiracy of marijuaine i told him in order for me to be guilty they had to prove my statement for both charges conspiracy is 2 or more so that could of been dropped to possession the guns wasnt mine and i wasnt at the house at the time they raided the house there was no way they could charge me for it if i didnt own the house and i wasnt there at the time of raid they questioned my brothers and sisters and they all said they didnt know nothing. i told my lawyer to tell the prosecutor to charge me with possession of marijuana and give me a 2 point enhancement for the guns instead of being charged with 3 seperate charges he told me not to even push it because if i kept fucking with the prosecutor he was gonna add more charges. we left it at that and came to I saw me 3 months later that i had to sign for the plea deal i told him i wasnt ready that i might just find another lawyer and he told me that i couldnt do that because court was coming up he pressured me to signing for the plea deal i so i signed the same day an hour after he left i told my people to call him and tell him to not turn in that paper yet be i was easy gonna find another lawyer he said ok this was on a friday monday i had court to plead guilty he never told me i had court coming up when i got to court i was like yo im not ready to plea guilty i told you i was just gonna find a new lawyer because i didnt feel like he was helping me he told me i had no option that i had to plea guilty or not guilty

I tell him my lawyer told me this and it went good
to give me six exhibits that I was gone find a new lawyer
because I feel like my lawyer wasnt helping he said no
other you pro guilty or going to trial nd lose and get
104 yrs so I just sign nd I dont wana take that deal
when she you giving me pros after that I did my pros
and I come back my gun charge statues at 20 with animal
history at 3.5 they added 4 pints enhanced for me having more than
7 guns and 4 more for counting someone on not with guns around
the drugs so that that me to 28 points criminal history points at
3.5 I told him to object to the 4 points for me having more
than 7 guns because I was only responsible for 3 guns told him
to object the 4 pints for having random around the guns
because the guns and drugs were in seperate rooms drugs were
in the garage guns were in the mans of the house so i couldnt
have been protecting the drugs in diferent rooms I told him to file
motion of 5k2.1 I think because the reason I had guns
was because i was scared for my life 3 months before the raid
I was shot at a gas corner store 20+ shots i had pictures of the
car and the store clerk filed a report that there was a shoot
out at the store a detective called me and told me i was
victim of the shoot out because he ran my plates nd that was
my car i told him yes but i didnt know who the people were
they collected all the bullet shells from the store and got
surveillece of the scene i also got 2 points to my criminal
history because they said i was on probation and i wasnt
told my lawyer ealiest to that as well he didnt come see me
untill the day before my sentence i asked if he objected
to any of the things i told him to object to and the motion i told
him to submit and he said he didnt do any of it he told me
if i told any of them that the procecuter was going to get mad
nd give me more time he said he would bring the objections
and the motion up to the judge at the day of my sentencing
and he never did that the day of sentencing he didnt argue nothing
he told me not to say anything to the judge because i would
piss him of and he would give me an upward departure to my sentence

## CERTIFICATE OF SERVICE

I, Alvaro Jovani Rangel-Ramirez, hereby certify that I have served a true and correct copy of:

**Petitioner Rangel-Ramirez's: Title 28 U.S.C. Section 2255 Petition; Affidavit and Exhibit.**

[which is considered filed/served at the moment it was delivered to prison authorities for mailing as provided for in Houston v. Lack, 487 U.S. 266, 101

complete copy of the above-described materials in a sealed envelope affixed with the appropriate pre-paid first-class United States postage:

United States District Court
501 West 10th Street, Room 310
Fort Worth, Texas 76102

and deposited same with prison officials here at:

FCI MCDOWELL
FEDERAL CORRECTIONAL INSTITUTION
P.O.BOX 1009
WELCH, WV  24801

Pursuant to Title 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

September 9, 2022

Sign Name: _____
ALVARO JOVANI RANGEL-RAMIREZ
Reg. No. 38516-509
FCI MCDOWELL
FEDERAL CORRECTIONAL INSTITUTION
P.O.BOX 1009
WELCH, WV  24801

**Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody
(Motion Under 28 U.S.C. § 2255)**

### INSTRUCTIONS

1.  To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2.  You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

5.  A filing fee is not required to file a motion to vacate, set aside or correct a federal sentence under 28 USC 2255.

6.  In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

7.  When you have completed the form, send the original and one copy to:
    ~~Clerk, United States District Court~~
    ~~Northern District of California~~
    ~~450 Golden Gate Ave.~~
    ~~San Francisco, CA 94123~~

8.  If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9.  <u>CAUTION</u>: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

10. <u>CAPITAL CASES</u>: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.