IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ALVARO JOVANI RANGEL-
RAMIREZ,
                Movant,

v.

UNITED STATES OF AMERICA,
                Respondent.

No.    4:22-CV-829-O
       (4:21-CR-123-O-1)

## RESPONSE TO MOTION UNDER 28 U.S.C. § 2255

Respectfully submitted,

LEIGHA SIMONTON
United States Attorney

*/s/ Ryan P. Niedermair*
Ryan P. Niedermair
Assistant United States Attorney
Texas Bar No. 24116828
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8725
ryan.niedermair@usdoj.gov

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..............................................................................................iii

RESPONSE TO MOTION UNDER 28 U.S.C. § 2255 ...................................................... 1

BACKGROUND ................................................................................................................ 1

ARGUMENT AND AUTHORITIES ................................................................................. 3

    1.    Rangel-Ramirez voluntarily and knowingly pled guilty. .............................. 4

    2.    Rangel-Ramirez's pre-plea ineffective assistance claims are both waived and meritless. ........................................................................................... 7

        A.    Rangel-Ramirez waived his ability to bring his claims when he pled guilty. ..................................................................................................... 8

        B.    Even if Rangel-Ramirez had not waived his right to bring his pre-plea ineffectiveness claims, they fail on the merits. .......................... 9

            i.    Rangel-Ramirez's claim that his counsel ineffectively failed to investigate is meritless. ....................................................... 9

            ii.    Rangel-Ramirez's counsel was not ineffective for failing to file frivolous pretrial motions. ............................................... 11

    3.    Rangel-Ramirez cannot show that his counsel was ineffective at sentencing. ............................................................................................. 12

    4.    Rangel-Ramirez's remaining claims are untimely, waived, and meritless. 15

CONCLUSION ................................................................................................................. 17

CERTIFICATE OF SERVICE ......................................................................................... 17

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**                                                                                **Page(s)**

*Alleyne v. United States*, 570 U.S. 99 (2013) ................................................................. 16

*Apprendi v. New Jersey*, 530 U.S. 466 (2000) ................................................................ 16

*Brady v. Maryland*, 373 U.S. 83 (1963) ........................................................................ 11

*Clay v. United States*, 537 U.S. 522 (2003) ................................................................ 2, 13

*Green v. Johnson*, 160 F.3d 1029 (5th Cir. 1998) ........................................................... 6

*Hill v. Lockhart*, 474 U.S. 52 (1985) ........................................................................... 3, 6

*Kimmelman v. Morrison*, 477 U.S. 365 (1986) .............................................................. 11

*Lee v. United States*, 137 S. Ct. 1958 (2017) ............................................................ 6, 7, 9

*Massaro v. United States*, 538 U.S. 500 (2003) ............................................................... 3

*Mayle v. Felix*, 545 U.S. 644 (2005) ............................................................................. 14

*Miller v. Johnson*, 200 F.3d 274 (5th Cir. 2000) ........................................................... 11

*Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983) ........................................................... 8, 15

*Solis v. United States*, No. M-12-126, 2015 WL 13450986 (S.D. Tex. July 23, 2015) ...... 6

*Strickland v. Washington*, 466 U.S. 668 (1984) ....................................................... 3, 4, 9

*United States v. Alaniz*, 5 F.4th 632 (5th Cir. 2021) .................................................. 13, 14

*United States v. Cavitt*, 550 F.3d 430 (5th Cir. 2008) ............................................... 8, 15

*United States v. Cervantes*, 132 F.3d 1106 (5th Cir. 1998) ............................................. 5

*United States v. Frady*, 456 U.S. 152 (1982) ................................................................. 3

*United States v. Gonzalez*, 592 F.3d 675 (5th Cir. 2009) .......................................... 13, 14

*United States v. Hughes*, 635 F.2d 449 (5th Cir. Unit B 1981) ......................................... 4

*United States v. Kimler*, 167 F.3d 889 (5th Cir. 1999) ......................................... 11, 16, 17

**Federal Cases, continued**                                            **Page(s)**

*United States v. McKnight*, 570 F.3d 641 (5th Cir. 2009)...............................................5, 12

*United States v. Palacios*, 928 F.3d 450 (5th Cir. 2019).....................................................8

*United States v. Reed*, 719 F.3d 369 (5th Cir. 2013).........................................................5

*United States v. Valdez*, 973 F.3d 396 (5th Cir. 2020).....................................................6, 9

*United States v. Valentine*, 401 F.3d 609 (5th Cir. 2005) .................................................16

*Woodfox v. Cain*, 609 F.3d 774 (5th Cir. 2010) ...............................................................10


**Federal Statutes and Rules**

21 U.S.C. § 841(a)(1) ..........................................................................................................17

21 U.S.C. § 841(b)(1)(D)................................................................................................10, 17

21 U.S.C. § 846 .............................................................................................................2, 17

28 U.S.C. § 2255(f) ............................................................................................................13

Fed. R. App. P. 4(b)(1)(A).....................................................................................................2

## RESPONSE TO MOTION UNDER 28 U.S.C. § 2255

Alvaro Jovani Rangel-Ramirez seeks to set aside his conviction under 28 U.S.C. § 2255.  (CV No. 1; CV No. 7.)[1]  He raises several grounds for relief, essentially claiming that his trial counsel was ineffective at all stages of his prosecution and that the alleged ineffectiveness induced him to plead guilty.  (*See generally*, CV No. 1; CV No. 8.)  Because Rangel-Ramirez voluntarily and knowingly pled guilty and has failed to show that his trial counsel was in any way ineffective, this Court should deny his motion.

## BACKGROUND

From 2020 to 2021, Rangel-Ramirez used social media to sell marijuana, promethazine, and codeine.  (PSR ¶¶ 10-12, 18-21.)  During a traffic stop in October 2020, investigators found Rangel-Ramirez with over 10 ounces of marijuana and a loaded pistol.  (*Id*. at ¶ 14.)  After being *Mirandized*, Rangel-Ramirez admitted that he bought a pound of marijuana from a source of supply in Arlington, Texas, sold some of it, and that more marijuana and firearms were at his house.  (*Id*. at ¶ 15.)  Investigators subsequently searched Rangel-Ramirez's house pursuant to a warrant and discovered over 31 ounces of marijuana, thousands of dollars, and five firearms.  (*Id*. at ¶ 16.)  On November 3, 2020, Rangel-Ramirez was indicted in Tarrant County, Texas, on a felony charge of possession of marijuana.  (*Id*. at ¶ 17.)

---

[1] "CV No. __" refers to the docket number of this Section 2255 action.  "CR No. __" refers to the docket number of the underlying criminal proceeding, *United States v. Rangel-Ramirez*, 4:21-CR-123-O-1 (N.D. Tex.).  "PSR" refers to the presentence report, which is docketed at CR No. 26-1.

After being released from custody, Rangel-Ramirez continued to deal drugs through social media.  (*Id*. at ¶ 18-21.)  As a result of his continued drug-trafficking activity, investigators obtained another warrant for Rangel-Ramirez's house.  (*Id*. at ¶ 20.)  This second search yielded another 4.26 kilograms of marijuana, $21,996 in cash, and four firearms.  (*Id*. at ¶ 21.)  A trace of one of the firearms revealed that it had been purchased on December 20, 2020, after Rangel-Ramirez had been indicted for a felony in Tarrant County.  (*Id*. at ¶ 24.)

Rangel-Ramirez was charged by information with one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D) and 21 U.S.C. § 846, and one count of receipt of a firearm while under felony indictment, in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D).  (CR No. 13.)  He pled guilty via a written plea agreement, (CR No. 17; CR No. 19), and this Court sentenced him to a below-guidelines sentence of 60 months' imprisonment, (CR No. 36; PSR ¶ 83).  Rangel-Ramirez did not appeal.

His conviction thus became final on September 17, 2021—when his time to file a direct appeal expired.  Fed. R. App. P. 4(b)(1)(A).  His Section 2255 motion was due one year later, on September 17, 2022.  *Clay v. United States*, 537 U.S. 522, 532 (2003).  In his timely filed original Section 2255 motion, Rangel-Ramirez seems to argue that his guilty plea is invalid because his counsel ineffectively failed to (1) explain the facts of his case; (2) provide him with the plea documents; (3) talk to him about plea negotiations; and (4) properly advise him about the options available to him.  (CV No. 1 at 4-6; CV No. 8 at 13-15, 21-23.)  He also complains that his counsel allegedly failed to conduct an

adequate pretrial investigation, failed to file pretrial motions, and failed to explain the PSR to him.  (CV No. 1 at 4, 6, 8, 13-14; CV No. 8 at 15-19.)  Rangel-Ramirez's amended Section 2255 motion also raises several claims that are untimely.  Specifically, he alleges that his counsel ineffectively failed to: (1) challenge his drug and firearm charges; (2) object to the reasonableness of his sentence; and (3) file a motion for a downward variance sentence.  (CV No. 8 at 24-27.)

## ARGUMENT AND AUTHORITIES

Under 28 U.S.C. § 2255, a prisoner may apply to the convicting court to vacate, set aside, or correct his conviction or sentence if it was imposed in violation of the Constitution or the laws of the United States.  A Section 2255 motion, however, "may not do service for an appeal."  *United States v. Frady*, 456 U.S. 152, 165 (1982).  After conviction and the exhaustion or waiver of all appeals, the Court is "entitled to presume" that the applicant "stands fairly and finally convicted."  *Id*. at 164.

Claims that counsel was ineffective allege a constitutional violation that can be raised under Section 2255.  *Massaro v. United States*, 538 U.S. 500, 504 (2003).  To prevail on an ineffective assistance of counsel claim, the movant must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  This standard applies regardless of whether the movant pled guilty or not guilty.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  Both prongs of the *Strickland* test must be met to prevail.  *Strickland*, 466 U.S. at 697.

3

A Section 2255 motion does not automatically require a hearing. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B 1981). "When the files and records of a case make manifest the lack of merit of a section 2255 claim, the trial court is not required to hold an evidentiary hearing." *Id*.

**<u>Discussion</u>**

**1. Rangel-Ramirez voluntarily and knowingly pled guilty.**

Liberally construing Rangel-Ramirez's motion, he appears to claim that his guilty plea was invalid because it was a result of his trial counsel's failure to (1) explain the facts of his case, (CV No. 1 at 4-6); (2) provide him with the plea documents, (CV No. 1 at 4); (3) discuss plea negotiations with him, (CV No. 1 at 4; CV No. 8 at 21-22); and (4) advise him of all options available to him, (CV No. 1 at 4-5; CV No. 8 at 13-15, 23). Rangel-Ramirez also asserts that his guilty plea was induced by his counsel's belief that he would lose at trial. (CV No. 1 at 4; CV No. 8 at 22.) These conclusory claims fail for two reasons. First, they are belied by the record, including Rangel-Ramirez's sworn statements at his rearraignment hearing and his signed plea agreement. Second, he cannot demonstrate that he suffered any prejudice.

The record belies any notion that Rangel-Ramirez's guilty plea was anything but voluntary and knowing. Specifically, Rangel-Ramirez's signed plea agreement directly refutes his claims that his lawyer failed to explain the facts of his case, provide him with plea documents, discuss plea negotiations with him, and advise him of all available options. It also undermines his claim that he was induced to plead guilty. By signing his plea agreement, Rangel-Ramirez confirmed that he had "thoroughly reviewed all legal

and factual aspects of [his] case with his lawyer," and that he had "received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement." (CR No. 19 at 5-6.) He also acknowledged that his guilty plea was freely and voluntarily made and was "not the result of force, or threats." (*Id*. at 5.)

Moreover, Rangel-Ramirez confirmed all of this under oath at his rearraignment. In particular, he affirmed that he fully understood the nature of the charges against him and read and understood his plea agreement and factual resume. (CR No. 46 at 29-30, 37, 52.) He also affirmed that he was voluntarily pleading guilty and that no one had induced him to plead guilty. (*Id*. at 39-40.)

"[S]olemn declarations in open court carry a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (internal quotation marks and citation omitted). A defendant ordinarily may not refute testimony given under oath at a plea hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). And, as here, when a prisoner's allegations contradict his sworn testimony given at a plea hearing, the Fifth Circuit has "required more than mere contradiction of his statements, typically specific factual allegations supported by the affidavit of a reliable third person." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). Yet, Rangel-Ramirez has done nothing to rebut the presumption of veracity accorded to his sworn statements at sentencing and in his signed plea agreement. Simply put, Rangel-Ramirez's guilty plea

was fully voluntary and knowing, and the Court should reject his claims suggesting otherwise.

Moreover, Rangel-Ramirez fails to show prejudice.  Where, as here, the movant pled guilty, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted on going to trial."  *Hill*, 474 U.S. at 59.  Thus, the prejudice "inquiry 'focuses on a defendant's decision making.'"  *United States v. Valdez*, 973 F.3d 396, 403 (5th Cir. 2020) (quoting *Lee v. United States*, 137 S. Ct. 1958, 1966-67 (2017)).  "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies.  Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences."  *Lee*, 137 S. Ct. at 1967.  "Factors relevant to determining whether a defendant would have gone to trial can also include the risks he would have faced at trial, his representations about his desire to retract his plea, and the district court's admonishments."  *Valdez*, 973 F.3d at 403 (internal quotation marks and alteration omitted).

Applying those settled principles here, Rangel-Ramirez cannot demonstrate that he suffered prejudice.  While he generally asserts that he would have gone to trial had his counsel represented him differently, (CV No. 1 at 4-7), this conclusory claim is insufficient to show ineffective-assistance, *see Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998); *Solis v. United States*, No. M-12-126, 2015 WL 13450986 at *4 (S.D. Tex. July 23, 2015) (holding that movant's conclusory allegation that he would not have plead guilty but for his counsel's performance was insufficient to meet his burden under

*Strickland*). Further, Rangel-Ramirez asserts that he would have sought a more favorable plea offer but for his counsel's conduct.  (CV No. 1 at 4-7.)  This admission all but dooms any contention that he wanted to go to trial instead of pleading guilty.

Additionally, the record shows that Rangel-Ramirez's decision to plead guilty was likely not based on his counsel's alleged conduct, but on the strength of the evidence against him.  Had Rangel-Ramirez proceeded to trial, the government would have demonstrated that he continually sold controlled substances and possessed multiple firearms from 2020 to 2021.  (PSR ¶¶ 9-25.)  The evidence at trial would have shown that Rangel-Ramirez admitted to selling marijuana that he obtained from a source of supply and that his house contained over 4 kilograms of marijuana.  (*Id*. at ¶¶ 15, 21.)  The government would have also introduced evidence that Rangel-Ramirez possessed a firearm that was purchased after he had been indicted on a felony charge in Tarrant County.  (PSR ¶ 24.)  In the face of this overwhelming evidence, Rangel-Ramirez cannot legitimately show that he would have insisted on a trial had his counsel acted differently. *Lee*, 137 S. Ct. at 1966 ("Where a defendant has no plausible chance of an acquittal at trial, it is highly likely that he will accept a plea if the Government offers one.").  The Court should deny his claims accordingly.

**2.     Rangel-Ramirez's pre-plea ineffective assistance claims are both waived and meritless.**

Rangel-Ramirez asserts that his counsel was ineffective for failing to investigate his case, (CV No. 1 at 4, 15; CV No. 8 at 17-19), and for failing to file pretrial motions,

(CV No. 1 at 13-14; CV No. 8 at 15-17).  However, Rangel-Ramirez waived these claims by pleading guilty and they are meritless.

### A.     Rangel-Ramirez waived his ability to bring his claims when he pled guilty.

By pleading guilty, Rangel-Ramirez waived his claims that his counsel was ineffective for failing to investigate or file pre-trial motions.  "'[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived,' and the waiver 'includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.'"  *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (quoting *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)).

Although the Fifth Circuit has held that an attorney's failure to advise a defendant about a viable pretrial motion can vitiate the knowing nature of his guilty plea, it only does so where a successful motion would have changed the defendant's decision to plead guilty.  *Compare Cavitt*, 550 F.3d at 441 (addressing movant's ineffective-assistance claims in light of his allegation that his counsel's failure to seek suppression was so deficient that it rendered his plea involuntary), *with United States v. Palacios*, 928 F.3d 450, 456 (5th Cir. 2019) (rejecting as waived a claim of ineffective assistance where, as here, the record showed that the movant's plea was knowing and voluntary).  If the movant cannot show a reasonable probability that, but for his counsel's pre-plea conduct, he would have insisted on going to trial, his claims are waived.  *Cavitt*, 550 F.3d at 441.

Here, Rangel-Ramirez's claims are waived because he does not show that he would have insisted on a trial if his counsel had filed pretrial motions or performed some unspecified investigation. While Rangel-Ramirez conclusively claims that he would have proceeded to trial had his counsel acted differently, he wholly rebuts this assertion by stating that he would have also "sought the most favorable plea offer." (CV No. 1 at 4, 5.) Additionally, "defendants obviously weigh their prospects at trial in deciding whether to accept a plea," *Lee*, 137 S. Ct. at 1966, and the evidence against Rangel-Ramirez was overwhelming. (*See supra* Part 1.) Moreover, had Rangel-Ramirez proceeded to trial, he would have lost his acceptance of the responsibility credit, exposing himself to a longer sentence than what he ultimately received. *See Valdez*, 973 F.3d at 405. As such, Rangel-Ramirez has waived his right to bring his pre-plea ineffective-assistance claims, and they should be dismissed.

**B.      Even if Rangel-Ramirez had not waived his right to bring his pre-plea ineffectiveness claims, they fail on the merits.**

**i.      Rangel-Ramirez's claim that his counsel ineffectively failed to investigate is meritless.**

Even if Rangel-Ramirez could overcome his waiver, his claim that his lawyer ineffectively failed to conduct an adequate pretrial investigation is meritless because he cannot demonstrate deficient performance or prejudice.

While "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary," *Strickland*, 466 U.S. at 691, "[a]ny decision by counsel not to investigate is assessed for reasonableness under all the circumstances, with a heavy measure of deference to counsel's judgment,"

9

*Woodfox v. Cain*, 609 F.3d 774, 806 (5th Cir. 2010). "The reasonableness of an investigation involves not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." *Id.* (internal quotation marks omitted).

Here, Rangel-Ramirez asserts that his counsel should have investigated the reason that Rangel-Ramirez possessed a firearm, the amount of drugs that he possessed, and whether his mother's alleged statements to authorities were given under duress. Yet, Rangel-Ramirez wholly fails to explain why his counsel should have pursued these three investigative avenues. For example, while Rangel-Ramirez claims that he bought a firearm after being shot during a store shooting, he does not explain how the alleged circumstances behind his gun receipt would absolve him of criminal liability under Section 922(n). Nor does he explain why his counsel should have investigated the amount of drugs he possessed when he was not charged under a statute carrying a mandatory minimum sentence. (*See* CR No. 13); 21 U.S.C. § 841(b)(1)(D). Finally, Rangel-Ramirez does not specify why his counsel should have investigated his mother's alleged statements to authorities—which do not appear anywhere in the record—when Rangel-Ramirez had previously told officers that he kept drugs and guns at his residence. (PSR ¶ 15.)

Similarly, Rangel-Ramirez does not attempt to show prejudice. He asserts that, had his counsel conducted the pretrial investigation that he allegedly did not, Rangel-Ramirez "would have been found not guilty at trial or benefitted with a significantly less harsh sentence." (CV No. 8 at 19.) But this conclusory and self-serving

contention comes nowhere close to establishing prejudice.  *Miller v. Johnson*, 200 F.3d

274, 282 (5th Cir. 2000) (recognizing that conclusory statements of prejudice are

insufficient to show ineffective assistance of counsel).  The Court should thus deny his

claim.

### ii.    Rangel-Ramirez's counsel was not ineffective for failing to file frivolous pretrial motions.

Rangel-Ramirez seems to assert that his counsel was ineffective for failing to file a

"Motion for Discovery" and a motion to suppress the second search of Rangel-Ramirez's

house.  (CV No. 1 at 13-14; CV No. 8 at 15-16.)  But, again, Rangel-Ramirez has not

shown deficient performance or prejudice.

As to his contention that his counsel should have filed a motion for discovery,

Rangel-Ramirez has not explained why such a motion was necessary, especially given

this Court's order requiring the government to disclose any exculpatory evidence as

mandated by *Brady v. Maryland*, 373 U.S. 83 (1963).  (CR No. 5.)  Nor has

Rangel-Ramirez specified what discovery materials the government allegedly failed to

turn over.  In other words, Rangel-Ramirez's claim is wholly conclusory and is

insufficient to satisfy *Strickland*.  *Miller*, 200 F.3d at 282.  The Court should deny his

claim accordingly.

Regarding Rangel-Ramirez's claim that his counsel should have filed a motion to

suppress the second search of his house, "a meritorious Fourth Amendment issue is

necessary to the success of a Sixth Amendment claim."  *Kimmelman v. Morrison*, 477

U.S. 365, 382 (1986); *see also United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999)

("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim.")  Here, Rangel-Ramirez does not provide a single ground on which his counsel could have challenged the second search of his home.  As such, his conclusory claim fails.

**3.    Rangel-Ramirez cannot show that his counsel was ineffective at sentencing.**

Rangel-Ramirez also contends that his counsel was ineffective at sentencing for failing to: 1) explain the PSR to him; 2) object to the reasonableness of the sentence, and 3) move for a downward variance.  (CV No. 1 at 4, 6, 8; CV No. 8 at 27.)  But these claims fail for a myriad of reasons.

Rangel-Ramirez's first claim that his counsel did not explain the PSR to him fails as a matter of fact.  At sentencing, Rangel-Ramirez's counsel assured the Court that he had reviewed the PSR and its addendum with Rangel-Ramirez.  (CR No. 45 at 4.)  And Rangel-Ramirez did not contend otherwise.  Because "solemn declarations in open court carry a strong presumption of verity," *McKnight*, 570 F.3d at 649, Rangel-Ramirez's claim fails as a matter of fact.  Moreover, Rangel-Ramirez has not even alleged prejudice.  In other words, he has not explained how a more thorough explanation of his PSR would have resulted in him receiving a lesser sentence.  The Court can thus easily deny his claim.

Rangel-Ramirez's remaining claims—that his counsel ineffectively failed to object to the reasonableness of the sentence and to move for a downward variance—should be dismissed as untimely.

A one-year period of limitation applies to Section 2255 motions, which runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Section 2255(f)(1) governs here. Under that section, Rangel-Ramirez's judgment became final on September 17, 2021, when his time to file an appeal expired. *See Clay*, 537 U.S. at 532. Rangel-Ramirez had one year from that date—until September 17, 2022—to timely file his Section 2255 motion. Rangel-Ramirez timely filed his original motion on September 9, 2022, (CV No. 1 at 12), but he did not file his amended motion until well after the one-year limit had expired, (CV No. 8 at 12). As such, any newly asserted claims in Rangel-Ramirez's amended motion must "relate back" to a timely claim to avoid a limitations dismissal. *United States v. Alaniz*, 5 F.4th 632, 636 (5th Cir. 2021).

"An amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *United*

*States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009) (internal quotation marks and alterations omitted).  However, "if the newly asserted claims require factual support that '[differ[s] in both time and type' from that required by the timely claim, the new claims do not relate back, such that they are subject to the relevant limitations period on the date asserted." *Alaniz*, 5 F.4th at 636 (quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005)). Importantly, "[n]ew claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision." *Gonzalez*, 592 F.3d at 680.

Nowhere in his original motion did Rangel-Ramirez attempt to allege that his counsel was ineffective at sentencing for failing to object to the reasonableness of his sentence or for not filing a downward variance motion.  His new claims are thus untimely, and the Court should dismiss them as such.

But even if Rangel-Ramirez's claims were timely, they fail on their merits. Rangel-Ramirez's counsel did object to the reasonableness of his sentence, (CR No. 45 at 9), so that claim fails as a matter of fact.  And the remaining claim, that counsel ineffectively failed to file a motion for downward variance, is wholly conclusory. Rangel-Ramirez does not explain what arguments would have supported such a motion nor does he even allege that this Court would have imposed a lighter sentence had a motion been filed.  This is especially true given the fact that this Court sentenced Rangel-Ramirez to a below-guidelines sentence.  (CR No. 36; PSR ¶ 83.)   The Court can therefore deny his claims.

14

**4.      Rangel-Ramirez's remaining claims are untimely, waived, and meritless.**

Finally, Rangel-Ramirez contends that his counsel was ineffective for failing to challenge his firearm and drug charges.  (CV No. 8 at 24-27.)  While Rangel-Ramirez categorizes his claims as PSR objections that counsel should have raised, the substance of his argument makes clear that he believes that his counsel was ineffective for not moving to dismiss these charges.  But these allegations are untimely, waived, and meritless.

As previously discussed, Rangel-Ramirez had until September 17, 2022, to file his Section 2255 motion.  *See supra* Section 3.  But Rangel-Ramirez did not assert anywhere in his timely filed original motion that his counsel should have challenged the validity of his firearm and drug charges.  Instead, he waited until November 28, 2022—72 days after the one-year limitation period—to raise his claims for the first time in his amended motion.  (CR No. 8 at 24-27, 28.)  Because Rangel-Ramirez's new claims do not relate back to his original filing, they are untimely and should be dismissed accordingly.

Further, Rangel-Ramirez's claims are waived by virtue of his guilty plea.  Again, when a defendant pleads guilty, "'all nonjurisdictional defects in the proceedings against a defendant are waived,' and the waiver 'includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.'"  *Cavitt*, 550 F.3d at 441 (quoting *Smith*, 711 F.2d at 682).  Here, Rangel-Ramirez does not allege that his counsel's purported ineffectiveness had any effect on the voluntariness of his guilty plea, so his claims are waived.

Even if Rangel-Ramirez's claims were timely and not waived, they still fail because he cannot show deficient performance or prejudice.  In his first claim,

Rangel-Ramirez seems to argue that his counsel should have challenged his firearm charge because he was neither on probation nor a convicted felon when he possessed the firearm.  (CV No. 8 at 24-25.)  But Rangel-Ramirez fails to appreciate that he was charged with receipt of a firearm while under a felony indictment, in violation of 18 U.S.C. § 922(n).  (CR No. 13 at 2.)  Section 922(n) prohibits a defendant from receiving a firearm while he is "under indictment for a crime punishable by imprisonment for a term exceeding one year[.]"  *United States v. Valentine*, 401 F.3d 609 (5th Cir. 2005).  And Rangel-Ramirez was under indictment in state court for possession of a marijuana in violation of Texas Health and Safety Code § 481.121(b)(3), a crime punishable by up to two years in prison, when he received a firearm.  *See* Tex. Health & Safety § 12.35(a); (PSR ¶ 24).  Thus, any challenge to his firearm charge on the ground that he was not a convicted felon or on probation would have been patently frivolous, and counsel was not ineffective for failing to pursue such an argument.  *See Kimler*, 167 F.3d at 893 ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim[.]")

Rangel-Ramirez's claim regarding his drug charge similarly fails.  Rangel-Ramirez appears to argue that his counsel should have challenged his drug charge because it did not specify a drug amount, which he believes was required under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 570 U.S. 99 (2013).  But *Apprendi* and *Alleyne* only apply to statutes that require the imposition of a mandatory-minimum sentence.  Here, Rangel-Ramirez was charged with conspiracy to possess with intent to distribute marijuana, which does not carry a mandatory minimum

16

sentence.  *See* 21 U.S.C. §§ 841(a)(1) & (b)(1)(D); 21 U.S.C. § 846.  Thus, any attempt

by Rangel-Ramirez's counsel to challenge his drug charge on the ground that it failed to

state a drug amount would have been meritless.  Counsel was not ineffective for not

pursuing the argument.  *Kimler*, 167 F.3d at 893.

## CONCLUSION

The motion should be denied.

Respectfully submitted,

LEIGHA SIMONTON
United States Attorney

*/s/ Ryan P. Niedermair*
Ryan P. Niedermair
Assistant United States Attorney
Texas Bar No. 24116828
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8725
ryan.niedermair@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on February 21, 2023, I filed this response with the clerk of court for

the U.S. District Court, Northern District of Texas.  I also certify that a copy of this

response was sent to Alvaro Jovani Rangel-Ramirez, Register Number 38516-509,

McDowell FCI, P.O. Box 1009, Welch, West Virginia 24801 by certified mail.

*/s/ Ryan P. Niedermair*
Ryan P. Niedermair
Assistant United States Attorney

17