**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ALVARO JOVANI** | § | |
| **RANGEL-RAMIREZ,** | § | |
| **Movant,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-829-O** |
| | § | **(Criminal No. 4:21-cr-123-O(1))** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

**OPINION and ORDER DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255 and
DENYING CERTIFICATE OF APPEALABILITY**

Before the Court is Defendant Alvaro Jovani Rangel-Ramirez ("Rangel-Ramirez")'s motion to vacate under 28 U.S.C. § 2255 (ECF No. 1) and amended motion to vacate under § 2255 (ECF No. 7), along with an amended supporting brief (ECF No. 8). The government filed a response (ECF No. 15), and Rangel-Ramirez filed a reply (ECF No. 18). In response to a new issue raised by Rangel-Ramirez in the reply, the government filed an extensive sur-reply (ECF No. 20), and Rangel-Ramirez filed a rebuttal (ECF No. 23). After considering the § 2255 motion and amended § 2255 motion, the extensive pleadings, the record, and applicable law, the Court concludes that the § 2255 motion, as amended, must be **DENIED**.

**I.     BACKGROUND**

From 2020 to 2021, Rangel-Ramirez used social media to sell marijuana, promethazine, and codeine. Presentence Report ("PSR") at ¶¶ 10-12, 18-21, CR ECF No. 26-1.[1] During a traffic stop in October 2020, investigators found Rangel-Ramirez with over 10 ounces of marijuana and a loaded pistol. *Id.* at ¶ 14. After being given the warnings required by *Miranda v. Arizona*, 384

---

[1]"CR ECF No. __" refers to the docket number entries on the docket in the underlying criminal proceeding, *United States v. Rangel-Ramirez*, 4:21-CR-123-O-1 (N.D. Tex.). "ECF No. __" refers to the docket number entries in the civil number 4:22-CV-829 assigned to this § 2255 motion.

U.S. 436 (1966), Rangel-Ramirez admitted that he (1) bought a pound of marijuana from a supply source in Arlington, Texas; (2) sold some of it; and (3) had more marijuana and firearms at his house. *Id.* at ¶ 15. Investigators subsequently searched Rangel-Ramirez's house pursuant to a warrant and discovered over 31 ounces of marijuana, thousands of dollars, and five firearms. *Id.* at ¶ 16. On November 3, 2020, Rangel-Ramirez was indicted in Tarrant County, Texas, on a felony charge of possession of marijuana. *Id.* at ¶ 17.

After being released from custody, Rangel-Ramirez continued to deal drugs through social media. *Id.* at ¶ 18-21. As a result of his continued drug-trafficking activity, investigators obtained another warrant for Rangel-Ramirez's house. *Id.* at ¶ 20. This second search yielded another 4.26 kilograms of marijuana, $21,996 in cash, and four firearms. *Id.* at ¶ 21. A trace of one of the firearms revealed that it had been purchased on December 20, 2020, after Rangel-Ramirez had been indicted for a felony in Tarrant County, Texas. *Id.* at ¶ 24.

Rangel-Ramirez was charged by information with one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D) and 21 U.S.C. § 846, and one count of receipt of a firearm while under felony indictment, in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). Felony Information 1-2, CR ECF No. 13. He pleaded guilty via a written plea agreement with a Factual Resume. Plea Agreement 1-7, CR ECF No. 19; Factual Resume ("FR") 1-3, CR ECF No. 17.  In a judgment entered on September 3, 2021, the Court sentenced Rangel-Ramirez to a below-guideline sentence of 60 months' imprisonment. PSR ¶ 83 (Guideline Range of 70 to 87 months), CR ECF No. 26-1; Judgment, CR ECF No. 36.  Rangel-Ramirez did not file a direct appeal.

His conviction became final on September 17, 2021—when his time to file a direct appeal expired. FED. R. APP. P. 4(b)(1)(A). His § 2255 motion was due one year later, on

September 17, 2022. *See Clay v. United States*, 537 U.S. 522, 532 (2003). *See discussion infra*. Rangel-Ramirez constructively filed the original § 2255 motion under on September 9, 2022.[2] Mot. Vacate 12, ECF No. 1. Several months later, on November 28, 2022, Rangel-Ramirez constructively filed an amended § 2255 motion and a separate "amended" brief. Am. Mot. Vacate 12 (document signed November 28, 2022) ECF No. 7; Am. Brief [3] 28 (signed same day November 28, 2022), ECF No. 8.

## II.    GROUNDS FOR RELIEF

Rangel-Ramirez raised claims in multiple pleadings, including the original § 2255 motion, an amended § 2255 motion, an amended brief, and in his reply. In his timely filed original § 2255 motion, Rangel-Ramirez appears to argue that his guilty plea is invalid because his counsel ineffectively failed to (1) explain the facts of his case; (2) provide him with the plea documents; (3) talk to him about plea negotiations; and (4) properly advise him about the options available to him. Mot. Vacate 4-6, ECF No. 1; Am. Brief 13-15, 21-23, ECF No. 8.  He also complains that his counsel allegedly failed to conduct an adequate pretrial investigation, file pretrial motions, and explain the PSR to him. Mot. Vacate 4, 6, 8, 13-14; ECF No. 1; Am. Brief 15-19, ECF No. 8. Rangel-Ramirez's amended § 2255 motion also raises several claims that are

---

[2] A pro se prisoner's habeas corpus petition is constructively filed when the prisoner delivers the papers to prison authorities for mailing to the district court. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998)). Although the Clerk of Court received Rangel-Ramirez's original § 2255 motion on September 15, 2022, that motion was signed on September 9, 2022. Mot. Vacate 12, ECF No. 1. Thus, September 9, 2022 is the earliest date Rangel-Ramirez's original § 2255 motion was constructively filed.

[3] The document is styled as an "Amended Memorandum of Law," even though it is the only brief filed by Rangel-Ramirez. ECF No. 8. The Court will short-cite the document as "Am. Brief."

untimely. Specifically, he alleges that his counsel was ineffective in failing to: (1) challenge his drug and firearm charges; (2) object to the reasonableness of his sentence; and (3) file a motion for a downward variance sentence. Am. Mot. Vacate 5, ECF No. 7; Am. Brief 24-27, ECF No. 8. Lastly, in his reply, Rangel-Ramirez asserts for the first time that the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc., v. Bruen*, 597 U.S. 1 (2022), invalidated his conviction for receipt of a firearm while under felony indictment, in violation of 18 U.S.C. § 922(n).  Reply 8, ECF No. 18.

Because Rangel-Ramirez voluntarily and knowingly pleaded guilty, he has failed to show that his trial counsel was in any way ineffective. Moreover, he is not entitled to vacatur of his § 922(n) conviction, and he is not entitled to relief under § 2255.

## III.    APPLICABLE LAW

### A.    Standard of Review

Under 28 U.S.C. § 2255, a prisoner may move the convicting court to vacate, set aside, or correct his conviction or sentence on four grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is 'otherwise subject to collateral attack.'" 28 U.S.C. § 2255(a); *see United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citation omitted).

"It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979). "Section 2255 does not offer recourse to all who suffer trial errors." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). It may

also "not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). After conviction and the exhaustion or waiver of all appeals, the Court is "entitled to presume" that the prisoner "stands fairly and finally convicted." *Id.* at 164.

### B.      Law Applicable to Review of Ineffective-Assistance Claims under § 2255.

Ineffective-assistance-of-counsel ("IAC") claims can be raised under § 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To establish IAC, "[F]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To show deficient conduct under *Strickland*, the burden is on the defendant to show that his counsel's representation fell below an objective standard of reasonableness, by identifying acts or omissions of counsel "that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. A district court then determines whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* There is a strong presumption that the performance of counsel falls within this range. *United States v. Samuels*, 59 F.3d 526, 529 (5th Cir. 1995). Defendant cannot overcome this presumption with after-the-fact accusations that lack supporting evidence. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (noting that although pro se § 2255 motions are construed liberally, even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot

consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value."). If counsel provides objectively unreasonable representation during the plea process, the defendant must prove prejudice by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

To prove prejudice generally, a defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. This showing "requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). Failure to meet either the deficient-performance or prejudice prongs will defeat a claim of ineffective-assistance. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). The reviewing court need not address both prongs if there is an insufficient showing on one. *Id.*

## IV.   ANALYSIS – Claims Asserted in § 2255 Motion, Amended § 2255 Motion, and Amended Brief

### A.   Rangel-Ramirez Voluntarily and Knowingly Pleaded Guilty.

Liberally construing Rangel-Ramirez's § 2255 motion, he appears to claim that his guilty plea was invalid because it was a result of his trial counsel's failure to (1) explain the facts of his case (Mot. Vacate 4-6, ECF No. 1); (2) provide him with the plea documents (Mot. Vacate 4, ECF No. 1); (3) discuss plea negotiations with him (Mot. Vacate 4, ECF No. 1; Am. Brief 21-22, ECF No. 8); and (4) advise him of all options available to him, (Mot. Vacate 4-5, ECF No. 1; Am. Brief 13-15, ECF No. 8). Rangel-Ramirez also asserts that his guilty plea was induced by

his counsel's belief that he would lose at trial. (Mot. Vacate 4, ECF No. 1; Am. Brief 22, ECF No. 8.) These claims fail for two reasons. First, they are belied by the record, including Rangel-Ramirez's sworn statements at his rearraignment hearing and his signed plea agreement. Second, he cannot demonstrate that he suffered any prejudice.

### 1.   Plea was Knowing and Voluntary

The record belies any notion that Rangel-Ramirez's guilty plea was anything but voluntary and knowing. Specifically, Rangel-Ramirez's signed plea agreement directly refutes his claims that his lawyer failed to explain the facts of his case, provide him with plea documents, discuss plea negotiations with him, and advise him of all available options. It also undermines his claim that he was induced to plead guilty. By signing his plea agreement, Rangel-Ramirez confirmed that he had "thoroughly reviewed all legal and factual aspects of [his] case with his lawyer," and that he had "received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement." Plea Agreement 5-6, CR ECF No. 19. He also acknowledged that his guilty plea was freely and voluntarily made and was "not the result of force, or threats." *Id.* at 5.

Moreover, Rangel-Ramirez confirmed all of this under oath at his arraignment hearing. In particular, he affirmed that he fully understood the nature of the charges against him and read and understood his plea agreement and factual resume. Arraignment Tr. 29-30, 37, 52, CR ECF No. 46.  He also affirmed that he was voluntarily pleading guilty and that no one had induced him to plead guilty. *Id.* at 39-40.

"[S]olemn declarations in open court carry a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (internal quotation marks and citation omitted). A defendant ordinarily may not refute testimony given under oath at a plea hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). And, as here, when a prisoner's allegations contradict his sworn testimony given at a plea hearing, the Fifth Circuit has "required more than mere contradiction of his statements, typically specific factual allegations supported by the affidavit of a reliable third person." *United States v. Reed*, 719 F.3d 369, 374 (5th Cir. 2013). Yet, Rangel-Ramirez has done nothing to rebut the presumption of veracity accorded to his sworn statements at sentencing and in his signed plea agreement. Simply put, Rangel-Ramirez's guilty plea was made voluntarily and knowingly, and the Court rejects his claims that suggest otherwise.

2.  No Prejudice as to Entry of Plea

Rangel-Ramirez also fails to show prejudice. As noted above, where, as here, the movant entered a guilty plea, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted on going to trial." *Hill*, 474 U.S. at 59. Thus, the prejudice "inquiry 'focuses on a defendant's decision making.'" *United States v. Valdez*, 973 F.3d 396, 403 (5th Cir. 2020) (quoting *Lee v. United States*, 582 U.S. 357, 366-68 (2017). "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee*, 582 U.S. at 369. "Factors relevant to determining whether a defendant would have gone to trial can also include the risks he would have faced at trial, his representations about his desire to retract his

8

plea, and the district court's admonishments." *Valdez*, 973 F.3d at 403 (internal quotation marks and alteration omitted).

Applying these settled principles here, Rangel-Ramirez cannot demonstrate that he suffered prejudice. While he generally asserts that he would have gone to trial had his counsel represented him differently, (Mot. Vacate 4-8, ECF No. 1), this conclusory claim is insufficient to show ineffective assistance. *See Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998); *Solis v. United States*, No. M-12-126, 2015 WL 13450986 at *4 (S.D. Tex. July 23, 2015) (holding that movant's conclusory allegation that he would not have plead guilty but for his counsel's performance was insufficient to meet his burden under *Strickland*). Relatedly, Rangel-Ramirez also asserts that he would have sought a more favorable plea offer but for his counsel's conduct. Mot. Vacate 4-7, ECF No. 1. But this acknowledgment effectively refutes any contention that he wanted to go to trial instead of pleading guilty.

Additionally, the record shows that Rangel-Ramirez's decision to plead guilty was not based on his counsel's alleged conduct, but on the strength of the evidence against him. Had Rangel-Ramirez proceeded to trial, the government would have demonstrated that he continually sold controlled substances and possessed multiple firearms from 2020 to 2021. PSR ¶¶ 9-25, CR ECF No. 26-1. The evidence at trial would have shown that Rangel-Ramirez admitted to selling marijuana that he obtained from a source of supply and that his house contained over 4 kilograms of marijuana. *Id.* at ¶¶ 15, 21. The government would have also introduced evidence that Rangel-Ramirez possessed a firearm that was purchased after he had been indicted on a felony charge in Tarrant County. *Id.* at ¶ 24. In the face of this overwhelming evidence, Rangel-Ramirez cannot legitimately show that he would have insisted on a trial had his counsel acted differently. *Lee*,

358 U.S. at 367 ("Where a defendant has no plausible chance of an acquittal at trial, it is highly likely that he will accept a plea if the Government offers one."). Thus, Rangel-Ramirez's claims related to the alleged ineffectiveness causing his plea to be involuntary and unknowing, are denied.

**B.    Rangel-Ramirez's Pre-Plea Ineffective Claims Waived and Without Merit**

Rangel-Ramirez also asserts that his counsel was ineffective for failing to investigate his case (Mot. Vacate 4, 15, ECF No. 1; Am. Brief 17-19, ECF No. 8) and for failing to file pretrial motions (Mot. Vacate 13-14, ECF No. 1; Am. Brief 15-17, ECF No. 8). Rangel-Ramirez, however, waived these claims by pleading guilty, and they are otherwise without merit.

1.    Pre-Plea Ineffective Assistance Claims Waived by Guilty Plea

By pleading guilty, Rangel-Ramirez waived his claims that his counsel was ineffective for failing to investigate or file pre-trial motions. "'[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived,' and the waiver 'includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.'" *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (quoting *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)).

Although the Fifth Circuit has held that an attorney's failure to advise a defendant about a viable pretrial motion can vitiate the knowing nature of his guilty plea, it only does so where a successful motion would have changed the defendant's decision to plead guilty. *Compare Cavitt*, 550 F.3d at 441 (addressing movant's ineffective-assistance claims in light of his allegation that his counsel's failure to seek suppression was so deficient that it rendered his plea involuntary),

*with United States v. Palacios*, 928 F.3d 450, 456 (5th Cir. 2019) (rejecting as waived a claim of ineffective assistance where, as here, the record showed that the movant's plea was knowing and voluntary). If the movant cannot show a reasonable probability that, but for his counsel's pre-plea conduct, he would have insisted on going to trial, his claims are waived. *Cavitt*, 550 F.3d at 441.

Here, Rangel-Ramirez's pre-plea claims are waived because he does not show that he would have insisted on a trial if his counsel had filed pretrial motions or performed some unspecified investigation. While Rangel-Ramirez conclusively claims that he would have proceeded to trial had his counsel acted differently, he wholly rebuts this assertion by stating that he would have also "sought the most favorable plea offer." Mot. Vacate 4, 5. ECF No. 1. Additionally, "defendants obviously weigh their prospects at trial in deciding whether to accept a plea," *Lee*, 358 U.S. at 367, and the evidence against Rangel-Ramirez was overwhelming. *See Background § I supra.* Moreover, had Rangel-Ramirez proceeded to trial, he would have lost credit against any sentence for acceptance of responsibility, exposing himself to a longer sentence than that which he ultimately received. *See Valdez*, 973 F.3d at 405. As such, Rangel-Ramirez waived his right to bring his pre-plea ineffective-assistance claims, and those claims are denied.

    2.   <u>Pre-Plea Ineffective Claims Alternatively Fail on the Merits</u>

        *a.    Ineffective Claim based on Lack of Investigation is Without Merit.*

Even if Rangel-Ramirez could overcome his waiver, his claim that his lawyer was ineffective in failing to conduct an adequate pretrial investigation is without merit because he cannot demonstrate deficient performance or prejudice.

11

While "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary," *Strickland*, 466 U.S. at 691, "[a]ny decision by counsel not to investigate is assessed for reasonableness under all the circumstances, with a heavy measure of deference to counsel's judgment." *Woodfox v. Cain*, 609 F.3d 774, 806 (5th Cir. 2010). "The reasonableness of an investigation involves not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." *Id.* (internal quotation marks omitted).

Here, Rangel-Ramirez asserts that his counsel should have investigated the reason that Rangel-Ramirez possessed a firearm, the amount of drugs that he possessed, and whether his mother's alleged statements to authorities were given under duress. Am. Brief 17-19, ECF No. 8. Yet, Rangel-Ramirez wholly fails to explain why his counsel should have pursued these three investigative avenues. For example, while Rangel-Ramirez claims that he bought a firearm after being shot during a store shooting, he does not explain how the alleged circumstances behind his gun receipt would absolve him of criminal liability under § 922(n). Nor does he explain why his counsel should have investigated the amount of drugs he possessed when he was not charged under a statute carrying a mandatory minimum sentence. *See* Felony Information, CR ECF No. 13. Finally, Rangel-Ramirez does not specify why his counsel should have investigated his mother's alleged statements to authorities—which do not appear anywhere in the record—when Rangel-Ramirez had previously told officers that he kept drugs and guns at his residence. PSR ¶ 15, CR ECF No. 26-1.

Similarly, Rangel-Ramirez does not attempt to show prejudice on this claim. He asserts that, had his counsel conducted the pretrial investigation that he allegedly failed to conduct,

Rangel-Ramirez "would have been found not guilty at trial or benefitted with a significantly less harsh sentence." Am. Brief 19, ECF No. 8. But this conclusory and self-serving contention comes nowhere close to establishing prejudice. *See generally Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (recognizing that conclusory statements of prejudice are insufficient to show ineffective assistance of counsel). Rangel Ramirez's claim based on inadequate investigation is denied.

### b.    Counsel Not Ineffective for Failing to File Pretrial Motions

Rangel-Ramirez seems to assert that his counsel was ineffective for failing to file a "Motion for Discovery" and a motion to suppress the second search of Rangel-Ramirez's house. Mot. Vacate 13-14, ECF No. 1; Am. Brief 15-16, ECF No. 8. Again, Rangel-Ramirez has not shown deficient performance or prejudice.

As to his contention that his counsel should have filed a motion for discovery, Rangel-Ramirez has not explained why such a motion was necessary, especially given this Court's order requiring the government to disclose any exculpatory evidence as mandated by *Brady v. Maryland*, 373 U.S. 83 (1963). Federal Rule of Criminal Procedure 5(f)(1) Order, CR ECF No. 5.  Nor has Rangel-Ramirez specified what discovery materials the government allegedly failed to turn over. In other words, Rangel-Ramirez's claim is wholly conclusory and insufficient to satisfy *Strickland. Miller*, 200 F.3d at 282. The claim must be denied.

In review of Rangel-Ramirez's claim that counsel should have filed a motion to suppress the second search of his house, "a meritorious Fourth Amendment issue is necessary to the success of a Sixth Amendment claim." *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986); *see also United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a

meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim . . ..")  Rangel-Ramirez does not provide a single ground on which his counsel could have challenged the second search of his home. As such, this claim must be denied.

### C.  Ineffectiveness at Sentencing

Rangel-Ramirez also contends that his counsel was ineffective at sentencing for failing to: (1) explain the PSR to him; (2) object to the reasonableness of the sentence; and (3) move for a downward variance. Mot. Vacate 4, 6, 8, ECF No. 1; Am. Brief 27, ECF No. 8. These claims fail for the reasons set forth below.

Rangel-Ramirez's claim that counsel did not explain the PSR to him fails as a matter of fact. At sentencing, Rangel-Ramirez's counsel assured the Court that he had reviewed the PSR and its addendum with Rangel-Ramirez. Sentencing Tr. 4, CR ECF No. 45. And Rangel-Ramirez did not state otherwise. "Solemn declarations in open court carry a strong presumption of verity." *McKnight*, 570 F.3d at 649. Thus, this claim is not supported by the factual record. Moreover, Rangel-Ramirez has not even alleged prejudice. In this regard, he has not explained how a more thorough explanation of his PSR would have resulted in him receiving a lesser sentence. Thus, his claim that counsel was ineffective at sentencing must be denied.

### D.  Ineffective Assistance Claims Raised for the First Time in Amended Brief

Rangel-Ramirez's remaining claims raised in his amended brief—that his counsel ineffectively failed to object to the reasonableness of the sentence and to move for a downward variance—must be dismissed as untimely, and alternatively, denied on their merits.

1.  <u>Statute of Limitations-Bars Some Claims</u>

14

A one-year period of limitation applies to § 2255 motions, which runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under § 2255(f)(1), because Rangel-Ramirez's judgment became final fourteen days after entry of Judgment on September 3, 2021, the time to file a direct appeal expired on September 17, 2021. *See* FED. R. APP. P. 4(b)(1)(a); s*ee also Clay*, 537 U.S. at 532. Thus, Rangel-Ramirez had one year from that date—until September 17, 2022—to timely file a § 2255 motion. Rangel-Ramirez constructively and timely filed his original § 2255 motion on September 9, 2022. Mot. Vacate 12, ECF No. 1. But he did not constructively file his amended motion and amended brief until several weeks after the one-year limit had expired, on November 28, 2022. Am Mot. Vacate 12, ECF No. 7; Am. Brief 28, ECF No. 8. As such, any newly asserted claims in Rangel-Ramirez's amended motion must "relate back" to a timely claim to avoid a limitations dismissal. *United States v. Alaniz*, 5 F.4th 632, 636 (5th Cir. 2021).

"An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or

15

occurrence set out—or attempted to be set out—in the original pleading . . ..” *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009) (internal quotation marks and alterations omitted). However, “if the newly asserted claims require factual support that ‘differ[s] in both time and type’ from that required by the timely claim, the new claims do not relate back, such that they are subject to the relevant limitations period on the date asserted.” *Alaniz*, 5 F.4th at 636 (quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005)). Importantly, “[n]ew claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision.” *Gonzalez*, 592 F.3d at 680.

As discussed above, in the original § 2255 motion, Rangel-Ramirez did not allege the claims that counsel was ineffective at sentencing for failing to object to the reasonableness of his sentence or for not filing a downward variance motion. Thus, these new claims are untimely and do not relate back to his other ineffective assistance claims. For these reasons, Rangel-Ramirez’s claim of ineffective conduct in failing to object to the reasonableness of his sentence and in not objecting to the reasonableness of his sentence must be dismissed as time-barred.

2.    Alternative-Denial on the Merits

Even if these claims of ineffective assistance were considered timely, alternatively, they fail on their merits. Rangel-Ramirez’s counsel did object to the reasonableness of his sentence. Sentencing Tr. 9, CR ECF No. 45. Thus, his claim is belied by the record and fails. Rangel-Ramirez’s remaining claim, that counsel ineffectively failed to file a motion for downward variance, is wholly conclusory. Rangel-Ramirez does not explain what arguments would have supported such a motion nor does he even allege that this Court would have imposed a lighter sentence had a downward variance motion been filed. This is especially true given the fact that

16

this Court sentenced Rangel-Ramirez to a 60 month below-guidelines sentence. Judgment, CR ECF No. 36; PSR ¶ 83 (Guideline Range of 70 to 87 months, CR ECF No. 26-1.) Thus, the Court alternatively denies these claims.

### E.    Additional Claims in Amended Brief are Untimely, Waived, and Without Merit.

Rangel-Ramirez also contends in the amended brief that his counsel was ineffective for failing to challenge his firearm and his drug charges. Am Brief 24-27, ECF No. 8. While Rangel-Ramirez categorizes these claims as PSR objections that counsel should have raised, the substance of his argument makes clear that he believes that his counsel was ineffective for not moving to dismiss these charges. These allegations are untimely, waived, and without merit.

1.    Untimely

As previously analyzed, Rangel-Ramirez had until September 17, 2022 to timely file his § 2255 motion. *See § IV (D) supra.* But Rangel-Ramirez did not assert anywhere in his timely filed original motion that counsel should have challenged the validity of his firearm and drug charges. Instead, he waited until November 28, 2022—several weeks after the one-year limitation period expired—to raise his claims for the first time in his amended motion. Am. Brief 24-27, 28, ECF No. 8. Because Rangel-Ramirez's new claims do not relate back to his original filing, they are untimely and should be dismissed accordingly.

2.    Waiver

Further, these claims are waived by virtue of Rangel-Ramirez's guilty plea. Again, when a defendant pleads guilty, "'all nonjurisdictional defects in the proceedings against a defendant are waived,' and the waiver 'includes all claims of ineffective assistance of counsel, except

insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.'" *Cavitt*, 550 F.3d at 441 (quoting *Smith v. Estelle*, 711 F.2d 677, 680 (5th Cir. 1983)).

### 3. Claims Fail on Merits

Even if Rangel-Ramirez's claims were timely and not waived, they still fail because he cannot show deficient performance or prejudice. In his first of these claims, Rangel-Ramirez appears to argue that his counsel should have challenged his firearm charge because he was neither on probation nor a convicted felon when he possessed the firearm. Am. Brief 24-25, ECF No. 8. But Rangel-Ramirez fails to appreciate that he was charged with receipt of a firearm while under a felony indictment, in violation of 18 U.S.C. § 922(n). Felony Information 2, CR ECF 13. Title 18 U.S.C. § 922(n) prohibits a defendant from receiving a firearm while he is "under indictment for a crime punishable by imprisonment for a term exceeding one year[.]" *United States v. Valentine*, 401 F.3d 609 (5th Cir. 2005).  At the time Rangel-Ramirez received the firearm, he was under indictment in state court for possession of a marijuana in violation of Texas Health and Safety Code § 481.121(b)(3), a crime punishable by up to two years in prison. *See* Tex. Health & Safety Code § 12.35(a); PSR at ¶¶ 24, 57, CR ECF No. 26-1.  Thus, any challenge to his firearm charge on the ground that he was not a convicted felon or on probation would have been frivolous, and counsel was not ineffective for failing to pursue such an argument. *See Kimler*, 167 F.3d at 893 ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim[.]").

Rangel-Ramirez's claim regarding counsel's purported failure to challenge his drug charge similarly fails. Rangel-Ramirez appears to argue that his counsel should have challenged his drug charge because it did not specify a drug amount, which he believes was required under

*Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 570 U.S. 99 (2013). Am. Brief 25-27, ECF No. 8. But *Apprendi* and *Alleyne* only apply to statutes that require the imposition of a mandatory-minimum sentence. Here, Rangel-Ramirez was charged with conspiracy to possess with intent to distribute marijuana, which does not carry a mandatory minimum sentence. *See* 21 U.S.C. §§ 841(a)(1) & (b)(1)(D); 21 U.S.C. § 846; see also Plea Agreement 2 (maximum penalties not more than five years), CR ECF No. 19. Thus, any attempt by Rangel-Ramirez's counsel to challenge his drug charge on the ground that it failed to state a drug amount would have been without merit. Counsel was not ineffective for not pursuing a meritless argument.

For all of these reasons, all claims for relief asserted by Rangel-Ramirez in his original § 2255 motion, amended § 2255 motion, and amended brief, must be denied.

## V.    ANALYSIS - New Constitutional Ground Asserted in Reply

### A.    Overview

For the first time in his reply, Rangel-Ramirez claims that his conviction for receipt of a firearm while under felony indictment in violation of 18 §§ 922(n) and 924(a)(1)D) is unconstitutional in light of *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). Reply 8, ECF No. 10.  Rangel-Ramirez constructively filed his original § 2255 motion on September 9, 2022, (Mot. Vacate 12, ECF No.1), several weeks after the Supreme Court decided *Bruen*, on June 23, 2022.  As such, Rangel-Ramirez could have raised his *Bruen* claim in his original motion. Because he did not, and because he may not present new arguments for the first time in a reply, his argument is waived. *See Marroquin v. United States*, No. 3:08-CV-489-

19

G, 2009 WL 89242 at *4 (N.D. Tex. Jan. 12, 2009) (finding that movant waived claims that he raised for the first time in his reply).

Furthermore, to the extent that Rangel-Ramirez's reply can be construed as a motion to amend his original § 2255, the Court will deny amendment. Generally, the Federal Rules of Civil Procedure, including Rule 15, apply to Section 2255 proceedings. *See United States v. Saenz*, 282 F.3d 354, 355-56 (5th Cir. 2002). Rule 15 states that a party may only amend its pleading more than 21 days after a responsive pleading has been filed with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a). While courts should "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), granting leave to amend "is by no means automatic," *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (internal quotation marks omitted). Indeed, "a district court may refuse leave to amend if the filing of the [amendment] would be futile[.]" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014).

Moreover, Rangel-Ramirez did not receive the government's consent or the Court's leave to amend. As explained below, Rangel-Ramirez's proposed *Bruen* based constitutional challenge to his § 922(n) conviction is untimely, waived under his plea agreement, and not cognizable on collateral review.

### B.  Rangel-Ramirez's New Claim is Untimely.

As an initial matter, as discussed in detail *supra*, § 2255(f)(1)-(4) sets forth a statute of limitations for pursuing relief under 28 U.S.C. § 2255. The Court first considers whether the claim is timely under either the date the conviction was final under of § 2255(f)(1) or the date the right was newly recognized and made retroactive to cases on collateral review by the Supreme Court under § 2255(f)(3).

20

1.  <u>§ 2255(f)(1)</u>

Under § 2255(f)(1), Rangel-Ramirez's judgment became final on September 17, 2021, when his time to file an appeal expired. *See Clay*, 537 U.S. at 532. As reviewed above, Rangel-Ramirez had one year from that date—until September 17, 2022—to timely file his § 2255 motion. While Rangel-Ramirez constructively timely filed his original motion on September 9, 2022, (Mot. Vacate 12, ECF No. 1), he waited until a year later— September 9, 2023—to raise his *Bruen* claim.  Reply 8-9, ECF No. 18. As such, Rangel-Ramirez's newly asserted claim must "relate back" to a timely claim to avoid a limitations dismissal. *United States v. Alaniz*, 5 F.4th 632, 636 (5th Cir. 2021).

"An amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009) (internal quotation marks and alterations omitted). However, "if the newly asserted claims require factual support that 'differ[s] in both time and type' from that required by the timely claim, the new claims do not relate back, such that they are subject to the relevant limitations period on the date asserted." *Alaniz*, 5 F.4th at 636 (quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005)). Nowhere in his original motion did Rangel-Ramirez attempt to allege that his § 922(n) conviction was unconstitutional. His new claim is thus untimely under § 2255 (f)(1).

2.  <u>§ 2255(f)(3)</u>

Next, the Court considers whether the limitation period commenced under § 2255(f)(3), on the date that a right was newly recognized by the Supreme Court and made retroactively

applicable to cases on collateral review. Another court in this district noted the following as to

the retroactivity of *Bruen* in considering the similar successive filing language of § 2255 (h)(2):

> Movant argued [in a prior successive § 2255 motion] that § 922(n) as applied to
> him was unconstitutional when he sought authorization to challenge his
> conviction on Count Two as unconstitutional based on *Bruen*. The Fifth Circuit
> denied his request. As Movant conceded, the Supreme Court did not make *Bruen*
> retroactive, and therefore he cannot seek postconviction relief under that new
> constitutional test.

*Jackson v. United States*, Civ. No. 3:22-cv-2748-L-BH, Crim. No. 3:16-cr-196-L (1), 2023 WL

4533381 *2 (N.D. Tex. Jul. 12, 2023). Because *Bruen* has not been held to be retroactive, a

challenge under the Supreme Court case does not invoke § 2255(f)(3).

Even if the *Bruen* decision constitutes a newly recognized right made retroactive to cases

on collateral review, such that § 2555(f)(3) governs the timeliness of Rangel-Ramirez's amended

claim, his claim is still untimely. That is because Rangel-Ramirez waited over 14 months after

*Bruen* was decided—and thus two months after the expiration of any limitations period under §

2255(f)(3)—to assert this claim. Reply 8-9, ECF No. 18. Thus, Rangel-Ramirez's claim is

untimely regardless of which subsection of § 2255(f) applies.

## C.     Plea Agreement Waived Ability to Bring a *Bruen*-Based Claim

Rangel-Ramirez's proposed claim is also futile because he waived his right to contest his

conviction in any collateral proceeding when he entered into his plea agreement. Where, as here,

a defendant knowingly and voluntarily enters into a plea agreement waiving his right to post-

conviction relief, the waiver "is effective to bar such relief." *United States v. Wilkes*, 20 F.3d

651, 653 (5th Cir. 1994). Such a waiver is enforceable if (1) it was knowing and voluntary, and

(2) it applies to the circumstances at hand, based on the plain language of the agreement. *United*

*States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020). A collateral review waiver "is knowing and voluntary if the defendant knows that he has the right to collateral review and that he is waiving it in the plea agreement." *Id.* (citations omitted). Moreover, "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Id.* at 387 (quoting *Brady v. United States*, 397 U.S. 742, 757 (1970)); *see also United States v. Caldwell*, 38 F.4th 1161, 1162 (5th Cir. 2022) (holding that "plea waivers such as the one entered here 'preclude[ ] any argument based on the new case law'" (quoting *Grzegorczyk v. United States*, 142 S. Ct. 2580 (2022) (Kavanaugh, J., respecting the denial of certiorari))).

Rangel-Ramirez does not contend that his waiver of post-conviction relief was not knowing and voluntary or that it does not apply to the circumstances of his instant § 2255 motion. Indeed, Rangel-Ramirez's signed plea agreement expressly states that "the defendant . . . waives his right to contest the conviction, sentence, fine, and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255." Plea Agreement 6, CR ECF No. 19. Further, Rangel-Ramirez assured this Court at his rearraignment that he had read and fully understood this paragraph of his plea agreement and that he was knowingly and voluntarily waiving the rights listed in that document. Arraignment Tr. 38-39, CR ECF No. 46. The plain language of Rangel-Ramirez's knowing and voluntary plea

agreement[4] thus bars him from challenging his conviction under § 2255, and any motion/request to amend must be denied.

### D.       Rangel-Ramirez's New Claim is not Cognizable under Section 2255.

Rangel-Ramirez's attempt to assert a *Bruen*-based challenge must also be rejected because the claim is not cognizable on collateral review. Section 2255 provides, in pertinent part:

> A prisoner *in custody* under sentence of a court established by Act of Congress *claiming the right to be released* upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). Where, as here, a prisoner argues that one of his convictions that gave rise to a concurrent sentence must be vacated, his claim falls outside the scope of review through a § 2255 motion. This is because the "strictures of Section 2255 constitute a threshold test in addressing [a prisoner's] post-conviction claims . . .." *United States v. Ross*, 801 F.3d 374, 378 (3d Cir. 2015). Indeed, "[a] collateral attack under § 2255 presents a wholly different context in which a court may grant relief than a direct appeal" because "a collateral attack is limited to a claimed right of relief from custody." *Al-'Owhali v. United States*, 36 F.4th 461, 467 (2d Cir. 2022) (quotation marks omitted).

For example, in *Ross*, the Third Circuit held that a prisoner's attack on a conviction that resulted in a concurrent sentence was not cognizable under § 2255. *Ross*, 801 F.3d at 378-79.

---

4 The Plea Agreement waiver reserved challenges to the voluntariness of his plea and claims of ineffective assistance of counsel. Plea Agreement 6, CR ECF No. 19. Thus, the Court addressed those claims notwithstanding the waiver agreement. *See § IV (A)-(E) supra*.

Ross was convicted of violating 18 U.S.C. § 922(o) and he was sentenced to ten years to be served concurrently to other convictions. *Id.* at 377. He was also required to pay a $100 special assessment for his § 922 conviction. *Id.* After an unsuccessful direct appeal, Ross filed a § 2255 motion arguing that his counsel was ineffective for failing to challenge his § 922 conviction. *Id.* The Third Circuit noted that, had Ross's counsel raised on direct appeal the argument that Ross proposed in habeas, "there is a fair likelihood we would have vacated that conviction and remanded for resentencing." *Id.* at 378. Notwithstanding that Ross's underlying claim had arguable merit, the Court held that his ineffective-assistance claim was not cognizable under § 2255 because Ross was not claiming the right to be released from custody. *Id.* at 378-79. In other words, his time in custody would not have been affected even if the court had granted his requested relief.

Rangel-Ramirez has likewise failed to raise a claim for relief that is cognizable under § 2255. He does not claim the right to be released from custody but, rather, simply requests that this Court vacate his § 922(n) conviction and resentence him. Reply 8, ECF No. 18.  But that relief would have no impact on Rangel-Ramirez's custodial sentence because his remaining conviction—for which he is currently serving a 60-month sentence—would be unaffected. *See United States v. Dixon*, 132 F.3d 192, 196 (5th Cir. 1997) (declining to remand for resentencing after vacating a conspiracy conviction where sentencing on that conviction "clearly" had no impact on the sentence for another conviction); *Al-'Owhali*, 35 F.4th at 466 (recognizing that several circuits have concluded that the concurrent sentence doctrine applies to § 2255 proceedings). Therefore, Rangel-Ramirez's requested relief is also not cognizable under § 2255.

In sum, for these multiple procedural reasons, Rangel-Ramirez is not entitled to now bring a challenge to his § 922(n) conviction.

### E.   Alternative Review of the *Bruen* Challenge on the Merits

For the brief reasons set forth herein, the Court alternatively finds that, as to the merits of Rangel-Ramirez's challenge, although § 922(n) burdens Second Amendment rights, those burdens do not render § 922(n) unconstitutional.

Currently, there is no binding Fifth Circuit precedent holding § 922(n) unconstitutional, and the Fifth Circuit has rejected several *Bruen*-based challenges to § 922(n) convictions under the plain error review standard. *See United States v. Bangash*, No. 23-10228, 2024 WL 1070276 (5th Cir. Mar. 12, 2024) ("[A]ny error regarding whether § 922(n) violates the Second Amendment in light of the Court's decision in *Bruen* was not clear or obvious."); *United States v, Williams*, No. 22-10129, 2023 WL 2342341 (5th Cir. Mar. 3, 2023) ("[W]e have recently rejected the argument that § 922(n) is clearly or obviously unconstitutional under *Bruen*") (citing *United States v. Avila*, No. 22-50088, 2022 WL 17832287 (5th Cir. Dec. 21, 2022), *cert. denied*, *Avila v. United States*, 143 S. Ct. 2512 (2023)); *United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023); *United States v. Sanchez*, 86 F. 4th 680, 687 (5th Cir. 2023).

The district court case that Rangel-Ramirez cites in support of his claim, *United States v. Quiroz*, 629 F. Supp. 3d 511 (W.D. Tex. Sept. 19, 2022), is currently pending before the Fifth Circuit. Indeed, the Fifth Circuit granted the government's motion to expedite the appeal and heard oral argument in February 2023. *See United States v. Quiroz*, No. 22-50834 (5th Cir.) A decision remains outstanding. Another court in this district, however, has rejected the application

of the *Quiroz* decision on collateral review. As Judge Lindsay explained in *Jackson v. United States*:

> Contrary to Movant's assertion [that *Qiuiroz* held § 922(n) was facially unconstitutional under the test applied in Bruen], *Quiroz* does not present new legal authority for the court to reject the [Magistrate Judge's] recommendation. First, a district court case is not controlling precedent on this court, and the Fifth Circuit has not yet issued an opinion on *Quiroz*, now before it on appeal. Because the Fifth Circuit has not issued a ruling on the constitutionality of Section 922(b) under the *Bruen* test, there is not a new, controlling legal precedent for Movant to argue this court should apply. Second, *Quiroz* does not address post-conviction relief. *Quiroz* and similar cases address the constitutionality of Section 922(n) in the context of a motion to dismiss an indictment, before the defendant was convicted. Although sister courts have agreed with the *Quiroz* district court's reasoning and conclusion, none has applied it in actions seeking post-conviction relief, such as Movant seeks here.

*Jackson v. United States*, 2023 WL 4533381, at *1. Thus, *Quiroz* cannot support granting relief in this collateral proceeding.

As to the merits analysis, the *Jackson* court acknowledged that, in addition to *Qurioz*, another court in the Western District of Texas also found § 922(n) to be unconstitutional after *Bruen*. *Id.* (citing *United States v. Hicks*, No. W:21-cr-060-ADA, 2023 WL 164170 at *1 (W.D. Tex. Jan. 9, 2023)). This Court, however, finds that yet another decision from the Western District of Texas, *United States v. Posada*, 670 F. Supp. 3d 402, 405-411 (W.D. Tex 2023), provides the best analysis that, although the particular restrictions on receipt of a firearm within § 922(n) are burdensome, those burdens do not render the statute unconstitutional.

Under *Bruen* and the Fifth Circuit's application of that case in *United States v. Rahimi*, 61 F.4th 443, 451 (5th Cir, 2023), a court must first "determine whether 'the Second Amendment's plain text covers an individual's conduct.'" *Rahimi*, 61 F.4th at 453 (quoting *Bruen*, 142 S. Ct. at 2129-30 (alteration omitted)). "If so, then the 'Constitution presumptively

protects that conduct," and the Government must justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.'" *Id.* (quoting *Bruen*, 142 S. Ct. at 2130). "To carry its burden, the Government must point to 'historical precedent from before, during, and even after the founding [that] evinces a comparable tradition of regulation.'" *Id.* at 454 (quoting *Bruen*, 142 S. Ct. at 2131-32 (alternations in *Rahimi*).

In *Posada*, the court engaged this analysis and found that the pre-trial defendant challenging his charge of receiving ammunition while under felony indictment under § 922(n): (1) was protected by the Second Amendment; (2) the Second Amendment's plain text covered receiving ammunition; (3) § 922(n) and historical pretrial detention laws both burdened Second Amendment rights for the similar reason of attempting to keep guns away from dangerous people; (4) though pretrial detention laws burdened the rights of only those detained, § 922(n) applies to all indictees (whether or not they are detained) and burdens their rights in different ways; and (5) those different burdens do not render § 922(n) unconstitutional. *Posada*, 670 F. Supp. 3d at 406-411. Specifically, the court explained how some burdens on a firearm restriction were "lighter" than more "problematic" "heavy ones," and applied that analogue to determine that defendant [Tohme Posada] was not entitled to relief against his § 922(n) charge under *Bruen*:

> "[I]n order to bridge historical gaps," *Bruen* allows courts to "engag[e] in . . . common sense reasoning—that, for example, heavy restrictions are typically more problematic than light ones." [*United States v.*] *Kelly*, 2022 WL 17336578, at *6 [Nov. 16, 2022]. And historical detention laws were far more burdensome than § 922(n) is. When the government detains a defendant, it "strips [them] of all Second Amendment rights." [*United States v.*] *Jackson*, 2023 WL 2242873, at *17 (Feb. 27, 2023); *see also United States v. Slye*, No. 1:22-mj-144, 2022 WL 9728732, at *2 & n.4 (W.D. Pa. Oct. 6, 2022). In contrast, § 922(n) restricts only sending and receiving arms while under indictment, not possessing arms

28

previously received. It follows that "[i]f an indictment [was] constitutionally sufficient to trigger a complete prohibition on a defendant's Second Amendment rights" at the founding, "then it must also be sufficient to temporarily restrict the right to acquire or transport arms while a felony indictment is pending." *Jackson*, 2023 WL 2242873, at *17; *see also Kelly*, 2022 WL 17336578, at *6.

As one court concluded in a similar context—considering the constitutionality of a firearms restriction imposed under the Bail Reform Act—"[i]t would be illogical to conclude that the Court has the authority to set conditions temporarily depriving [a defendant] of [their Second Amendment] protections by ordering his detention but lacks the authority to impose far less severe restrictions, such as ordering his release [ ] with a firearms restriction." *Slye*, 2022 WL 9728732, at *2. That same principle applies here. *Cf. Kaley v. United States*, 571 U.S. 320, 330, 134 S. Ct. 1090, 188 L.Ed.2d 46 (2014) (" '[I]t would be odd to conclude that the Government may not restrain *property*.' on the showing often sufficient to 'restrain *persons*.'" (quoting *United States v. Monsanto*, 491 U.S. 600, 615, 109 S. Ct. 2657, 105 L. Ed.2d 512 (1989) (emphasis in *Monsanto*))).

Ultimately, § 922(n) and the historical pretrial detention laws proffered by the Government burden the Second Amendment for similar reasons. And though they burden the right in different ways, those differences do not render § 922(n) unconstitutional. Tohme [Posada's] challenge to § 922(n) thus fails. *See Rahimi*, 61 F.4th at 454. This conclusion is consistent with the robust majority of courts to have considered § 922(n)'s constitutionality since *Bruen*. *See Jackson*, 2023 WL 2242873, at *18; *United States v. Stennerson*, No. CR 22-139-BLG-SPW, 2023 WL 2214351, at *2 (D. Mont. Feb. 24, 2023); [*United States v.*] *Bartucci*, 658 F.Supp.3d 794, 807-08 ( E.D. Cal 2023); *United States v. Gore*, No. 2:23-CR-04, 2023 WL 2141032, at *4 (S.D. Ohio Feb. 21, 2023); [*United States v.*] *Simien*, 655 F.Supp.3d 540,  551-52 (W.D. Tex. 2023); [*United States v.*] *Rowson*, 652 F.Supp.3d 436, 472 (S.D. N.Y. 2023); *Kelly*, 2022 WL 17336578, at *6; *United States v. Kays*, 624 F.Supp.3d 1262, 1268 (W.D. Okla. Aug. 29, 2022). Though two district courts within the Fifth Circuit have held the law unconstitutional, the Court respectfully disagrees with them for the reasons above. *See Hicks*, 649 F.Supp.3d at 365-66; *Quiroz*, 629 F.Supp.3d at 527.

*Posada*, 470 F. Supp. 3d at 410-411.

For the reasons set forth by the court in *Posada,* this Court similarly finds that, although §

922(n) places some burdens on the Second Amendment, those burdens do not render § 922(n)

unconstitutional. Thus, Rangel-Ramirez's *Bruen* based challenge to his § 922(n) conviction asserted in his reply must also be denied.

## VI.    CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Fed. R. App. P. 22 (b). Rule 11 of the Rules Governing Section 2255 Proceedings now requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2009). This Court may only issue a COA if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court concludes that Alvaro Jovani Rangel-Ramirez has not made a showing that reasonable jurists would question this Court's rulings and, accordingly, **DENIES** a certificate of appealability for the reasons stated in this order.

**VII.   CONCLUSION and ORDER**

It is therefore **ORDERED** that all grounds for relief in Alvaro Jovani Rangel-Ramirez's motion to vacate under 28 U.S.C. § 2255, as amended and as supplemented in a Reply (ECF Nos. 1, 7, 8, and 18), are **DENIED.**  It is further **ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this **9th day** of **April, 2024**.

Reed O'Connor

**UNITED STATES DISTRICT JUDGE**

31